UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ROBERT JUSTICE, )
 )
 Plaintiff, )
 )
v. ) No. 2:15-CV-134
 )
RELIANCE STANDARD LIFE INSURANCE )
COMPANY, )
 Defendant. )

ORDER

This matter is before the Court to address the plaintiff's objections, [Doc. 23], to a Report and Recommendation of the magistrate judge dated February 11, 2016, [Doc. 21]. The defendant has responded, [Doc. 24], and the matter is ripe for review.

In this Employee Retirement Income Security Act of 1974 ("ERISA") matter the plaintiff alleges that the defendant improperly terminated his long-term disability ("LTD") benefits in violation of the terms of an employee welfare benefits plan. Plaintiff was an hourly employee of Berkline, a company which has since gone out of business, from March 10, 2004 until he became disabled on May 15, 2008. Plaintiff, with the assistance of Berkline, applied for and received LTD benefit payments until May 22, 2014. Defendant Reliance Standard Life Insurance Company ("Reliance Standard") is the insurance company that administers Berkline's employee benefits plan. On May 22, 2014, Defendant discontinued Plaintiff's LTD benefit payments because Defendant discovered that Plaintiff, as an hourly employee, was not covered for LTD benefits under Berkline's plan and that Defendant has mistakenly been paying LTD benefits which Plaintiff was not entitled to receive.

1

Defendant has produced a copy of the LTD benefits policy for the Court record, the same policy that was used to determine Plaintiff's eligibility before the plan administrator. This policy has the signature of Reliance Standard's executives; however, it does not have the signature of a Berkline executive. Additionally, some of the letters from Defendant's employee claims adjuster were printed on letterhead of Matrix, a company with the same parent company as Defendant, as opposed to Reliance Standard letterhead. The claims adjuster submitted an affidavit stating that the wrong letterhead was used due to a computer coding glitch and that she, as an employee of Reliance Standard only, made the benefits eligibility decision. Plaintiff brings this action for the Court to review the Defendant's decision to discontinue benefits, claiming that he paid premiums to Berkline to be covered under the employee welfare benefits plan and that Defendant improperly ceased his LTD benefits payments.

Plaintiff filed a motion for the Court to determine the appropriate standard of review to be applied to the plan administrator's decision to cease LTD benefit payments. Plaintiff argued the review should be *de novo* while the defendant responded that the review of this Court should be limited to an arbitrary and capricious standard. Magistrate Judge Corker heard oral argument on this motion and issued a Report and Recommendation. Magistrate Judge Corker found that the arbitrary and capricious standard of review should apply because the submitted plan gave the requisite discretionary authority to Defendant to determine benefit eligibility and because Reliance Standard, not another entity, made the final eligibility determination. The Court will now address Plaintiff's objections to the Report and Recommendation.

The Court will review the Report and Recommendation to determine if the portions objected to are clearly erroneous or contrary to law. Fed. R. Civ. Pro. 72(a); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The district court must have a "firm conviction that a

mistake has been committed" in order to modify or set aside the magistrate judge's order. *United States v. Ellis*, 497 F.3d 606, 611 (6th Cir. 2007). The Plaintiff's objection argues this Court should review the magistrate judge's order *de novo*, citing Federal Rule of Civil Procedure 72(b)(3). However, section (b) of Rule 72 applies only to "Dispositive Motions and Prisoner Petitions." Section (a) of Rule 72 applies to "Nondispositive Matters." This motion to determine the standard of review is a nondispositive matter as it does not have the potential to "dispose of a party's claim or defense." *See id.* Therefore, the court will review the order to determine if it is clearly erroneous or contrary to law.

A denial of benefits under ERISA is subject to *de novo* review by a district court generally. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). However, where the plan documents expressly grant the plan administrator discretion to make benefits determinations, the administrator's denial of benefits is reviewed under the highly deferential arbitrary and capricious standard. *Moos v. Square d Co.*, 72 F.3d 39, 41 (6th Cir. 1995).

The plaintiff notes in his objection that this Court has "suggested that its review is *de novo,*" citing to an ERISA briefing schedule, [Doc. 11], where the court stated it would be conducting a *de novo* review of the administrator's decision. Defendant states in its response that it contacted the court multiple times after this order was entered to voice its concerns about the *de novo* language but soon thereafter the plaintiff filed this motion to determine the standard of review. Plaintiff notes the Court's language in the order as a "suggestion" and does not base its argument for a *de novo* standard of review on this mistake in the Court's briefing schedule order.

Plaintiff's objections to the magistrate judge's order are largely the same arguments made in his motion to determine the standard of review. The plaintiff's first objection is that the

3

defendant has not produced a "fully-executed version of the LTD policy" and therefore cannot show that the plan granted the requisite authority to Defendant.  Plaintiff, when asked during oral argument, admitted that it did not have another policy to submit to the Court that it believes applies to this matter.  Instead Plaintiff speculates that another policy must exist that covers hourly workers based on a pattern of practice where he paid premiums and received benefits for about five years.  Defendant states it has produced the plan that covers Plaintiff in this case and attached an affidavit of Ms. Strickler, a claims adjuster of the defendant, who made the eligibility decision based on the submitted plan.

The magistrate judge correctly found that merely because the policy produced does not have one party's signature does not nullify the policy.  The evidence before the magistrate judge and before this Court is the administrator's record and Ms. Strickler's affidavit which leads to the conclusion that the submitted plan is the plan that covers Plaintiff's claim.  Plaintiff presents no evidence other than argument from counsel and speculation that another plan must exist based on a pattern of payments.  To find that the submitted plan is not in fact the plan that governs Plaintiff's claim would require the court, as noted by the magistrate judge, to "speculate that the 'actual' plan is lost."  The Court will not so speculate given the record before it.  The Plaintiff does not present any argument that the magistrate judge's determination of law that the contract is not required to be fully executed to be enforceable is incorrect or inapplicable.  This objection is OVERRULED.

Plaintiff next objects to the magistrate judge's reliance on Ms. Strickler's affidavit.  Plaintiff argues that because the affidavit is outside of the administrative record considering it is improper in an ERISA review.  The defendant responds that a court is allowed to consider evidence outside of the administrative record in an ERISA case when determining a procedural

4

challenge to the administrator's decision. The Court agrees with the defendant and the magistrate judge that where the Court is determining whether the submitted plan is the applicable plan document or factual determination, such as whether or not the entity granted discretionary authority under the plan actually made the final benefits decision, it may consider submitted evidence outside of the administrative record. *See Shelby County Health Care Corporation v. Majestic Star Casino*, 581 F.3d 355, 366 (stating that an executive of the insurance company submitted an affidavit to show that she was involved in the final benefits decision when determining the appropriate standard of review based on a factual dispute), *Curtis v. Hartford Life and Accident Insurance Company*, No. 11 C 2448, 2012 WL 138608, at n.3 (N.D. Ill. June 18, 2012) (considering affidavits filed by the defendant when determining which of two benefits policies was applicable to the underlying ERISA claim).

Plaintiff also asks this Court to strike Ms. Strickler's affidavit as improper because she does not aver to be a custodian of records for Reliance Standard, the affidavit fails to meet the business records requirement of Federal Rule of Evidence 803(6), Ms. Strickler did not aver that she reached out to Berkline or "looked for" the fully executed version of the policy, and because she is not the person who certified the administrative record. However, Plaintiff's arguments misinterpret the purpose of Ms. Strickler's affidavit. Ms. Strickler's affidavit did not have to meet the business records exception in order for the court to consider the submitted plan because a copy of that plan is already before the court in the administrative record. [A.R. 1-35]. Ms. Strickler's affidavit is sufficient to show that she has personal knowledge of her employment history, her appeal determination of Plaintiff's disability benefits, and Reliance Standard's computer system. There is no basis for striking Ms. Strickler's affidavit. Therefore, the Magistrate Judge did not err by considering the affidavit to help determine that the submitted

5

plan is the plan that governs the determination of benefits in this matter. Plaintiff's objection is OVERRULED.

Plaintiff next argues that Matrix, not Reliance Standard, made the benefits determination and therefore the *de novo* standard of review should apply. Even where plan documents confer discretionary authority to the plan administrator, if the benefits decision is made by an entity other than the one authorized by the plan, the court will review the benefits denial under a *de novo* standard. *Shelby County*, 581 F.3d at 365.

Plaintiff objects to the magistrate judge "deeming the Strickler Affidavit uncontroverted." Essentially, Plaintiff argues that Matrix, a company under the same parent corporation as Reliance Standard, made the benefits determination, not Defendant. This argument is based on a number of letters sent to Plaintiff and his counsel on Matrix letterhead. The defendant argues that Ms. Strickler, an employee of Reliance Standard, made the final benefits determination and therefore, any involvement by Matrix in the initial determination does not require the court to review the matter under the *de novo* standard.

It appears in the administrative record that the initial determination regarding benefits was made by Cynthia Pietrowski and the initial denial letter was sent on Matrix letterhead on June 19, 2014. [AR 350-52]. This letter informed Mr. Justice of the appeal process, an appeal which should be submitted in writing to Reliance Standard Life Insurance Company. [*Id.*]. A letter was sent to Plaintiff counsel from Matrix on August 13, 2014 enclosing copies of the policies used to make the initial benefits determination.[1] [AR 354-55]. Although not mentioned in his objection, Plaintiff received a letter on December 23, 2014 from the claims department on Reliance Standard letterhead stating that Reliance Standard had received the appeal claim and

---

[1] The Court notes that this letter was sent from Matrix "in response to [Plaintiff counsel's] letter dated August 6, 2014" and appears to be a correspondence that Plaintiff counsel requested from Matrix.

6

requested an authorization be sent to Susan Strickler so that a Reliance Standard Life's Quality Review Unit could obtain current medical information. [AR 357].

The real crux of Plaintiff's objection is that Susan Strickler's first three letters to Plaintiff and Plaintiff's counsel were on Matrix letterhead instead of Reliance Standard letterhead. Plaintiff argues that the magistrate's judge's characterization of Ms. Strickler's affidavit as "uncontroverted" is improper where the affidavit only addresses the January 7th letter but not the other two letters from Ms. Strickler on Matrix letterhead. However, these letters do not convey any eligibility determination but instead are correspondence relating to requests made by Plaintiff, [AR 360], and a follow-up letter. The actual benefits appeal determination letter was sent by Ms. Strickler on Reliance Standard letterhead on March 23, 2015. [AR 362-64]. This letter sets out the policy requirements and the reasons for Ms. Strickler's determination. Ms. Strickler's affidavit states that she alone made the benefits appeal decision on behalf of Reliance Standard.

The Plaintiff presents no evidence other than three preliminary contact letters on Matrix letterhead to argue that Matrix made the final benefits determination. The first of these Matrix letters is explained by Ms. Strickler's affidavit as a result of a computer glitch. Although the affidavit does not address the January 14th or January 21st letters on Matrix letterhead, there is no contrary evidence that these too are not due to computer glitches. The initial letters from Matrix were merely the initial determination letter, not the final benefits determination decision. The portions of Ms. Strickler's affidavit stating that she does not and has never worked for Matrix is uncontroverted. Plaintiff's objection is OVERRULED.

In conclusion, Plaintiff's objections to the Report and Recommendation are OVERRULED. It is hereby ORDERED that this Report and Recommendation dated February

22, 2016, [Doc. 21], is ADOPTED and APPROVED as an order of this Court. Plaintiff's motion to determine the standard of review, [Doc. 12], is DENIED.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE