UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ROBERT JUSTICE, )
 )
       Plaintiff, )
 )
v. ) No. 2:15-CV-134
 )
RELIANCE STANDARD LIFE INSURANCE )
COMPANY, )
       Defendant. )

### ORDER

This matter is before the Court to address the plaintiff's objections, [Doc. 52], to a Report and Recommendation of the magistrate judge dated January 27, 2017, [Doc. 51]. The defendant has responded, [Doc. 53], and the matter is ripe for disposition.

In this Employee Retirement Income Security Act of 1974 ("ERISA") matter the plaintiff alleges that the defendant improperly terminated his long-term disability ("LTD") benefits in violation of the terms of an employee welfare benefits plan. The plaintiff was an hourly employee of Berkline, a company which has since gone out of business, from March 10, 2004, until he became disabled on May 15, 2008. The plaintiff, with the assistance of Berkline, applied for and received LTD benefit payments until May 22, 2014. The defendant, Reliance Standard Life Insurance Company ("Reliance Standard"), is the insurance company that administers Berkline's employee benefits plan. On May 22, 2014, the defendant discontinued Plaintiff's LTD benefit payments because the defendant discovered that Plaintiff, as an hourly employee, was not covered for LTD benefits under Berkline's plan and that the defendant has mistakenly been paying LTD benefits which the plaintiff was not entitled to receive.

1

In the Report and Recommendation, the Magistrate Judge recommended that the defendant's motion for summary judgment be granted and the plaintiffs' motion for summary judgment be denied. [Doc. 51 at 21]. The plaintiff made two claims for ERISA relief. In the first, the magistrate judge held that the plaintiff had no claim for breach of fiduciary duty against the defendant because Berkline, not Reliance Standard, was the defendant's fiduciary responsible for making the initial administration of the policy for the benefit of the participants. [*Id.* at 7]. The plaintiff does not raise any objection to this holding. However, the plaintiff objects to the Magistrate Judge's findings and analysis that the plaintiff's claim of equitable estoppel is without merit.

The Court will review the Report and Recommendation *de novo* as the magistrate judge resolved dispositive motions. Fed. R. Civ. P. 72(b)(3). The Court has previously held that the plan administrator's decision should be reviewed under the highly deferential arbitrary and capricious standard. [Doc. 25]. To the extent that the plaintiff objects to this standard of review, the Court will not review this determination again.

The plaintiff's objection to the Report and Recommendation is essentially that the Magistrate Judge erred in rejecting his promissory estoppel claim. The plaintiff's arguments are the same arguments made before the Magistrate Judge in his motion for summary judgment and in response to the defendant's motion for summary judgment. The plaintiff argues that because he paid premiums to his employer, Berkline, for group disability insurance benefits, and because Reliance Standard paid benefits for years, he is entitled to continue to receive those benefits, notwithstanding the fact that he clearly is not eligible for LTD benefits under the plain language of the plan. Instead, the plaintiff simply disagrees with the Magistrate Judge's analysis, citing the same arguments made in his motion.

2

The plaintiff, in neither his original arguments for summary judgment nor in his objection, attempts to address or distinguish a number of the cases cited by the Magistrate Judge that are seemingly dispositive of the issues. The elements of an estoppel claim are as follows:

> (1) there must be conduct or language amounting to a representation of material fact;
> (2) the party to be estopped must be aware of the true facts;
> (3) the party to be estopped must intend that the representation be acted on, or the party asserting the estoppel must reasonably believe that the party to be estopped so intends;
> (4) the party asserting the estoppel must be unaware of the true facts; and
> (5) the party asserting the estoppel must reasonably or justifiably rely on the representation to his detriment.

*Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 403 (6th Cir. 1998) (*en banc*). The plaintiff must meet all five elements of the claim to be eligible for relief. *Id.*

As an initial matter, a plaintiff "cannot recover under an estoppel theory for misrepresentations which contradict unambiguous, written plan terms because their reliance on the subsequent representation would be unreasonable." *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 428-29 (6th Cir. 2006) (citing *Sprague*, 133 F.3d at 403). The plaintiff does not argue that the term limiting plan eligibility to salaried workers is ambiguous. Therefore, under the plain reading of *Moore*, the plaintiff is ineligible to recovery under an equitable estoppel theory.

In regards to the first element of equitable estoppel, notwithstanding that the plaintiff has not shown the plan language is ambiguous, he cannot show that there is language or conduct amounting to a representation of material fact. To meet this element, the plaintiff argues that the defendant's acceptance of premium payments and the issuance of benefits constitutes a material representation. The Sixth Circuit has held that where the insurance company accepting premium payments was unaware that the employee was no longer eligible for disability benefits, the acceptance of premium payments does not constitute any sort of admission or waiver. *See*

3

*CLARCOR, Inc. v. Madison Nat. Life Ins. Co., Inc.*, 491 F. App'x 547, 549 (6th Cir. 20120. The acceptance of premium payments does not alter the unambiguous coverage requirements of the plan. *Id.* at 553. Finally, the Sixth Circuit has held that mistaken payments "cannot serve as the sole basis for establishing eligibility for a pension plan." *Adams v. General Motors Co.*, 547 Fed. App'x 661. 665 (6th Cir. 2013). The same can be said for mistaken disability payments, here. The plaintiff has failed to meet the first requirement of equitable estoppel, i.e., that there is conduct or language amounting to a representation of a material fact. Therefore, the plaintiff cannot meet the first equitable estoppel element.

The plaintiff has failed to show that the plan language was unambiguous, and therefore, he cannot recover under the theory of equitable estoppel. Additionally, even if he could, the plaintiff has failed to meet at least one of the estoppel requirements, that there is conduct or language amounting to a representation of a material fact. Therefore, the plaintiff's objections are overruled. The Magistrate Judge's opinion is thorough and well-reasoned on both of these issues. Additionally, the opinion analyzes and finds that the plaintiff cannot meet any of the other four equitable estoppel elements and is not entitled to relief. Because the Court finds that the outcome of this case can be decided on either of the two bases above, the Court will not address the other elements.

After careful *de novo* consideration of the record as a whole, and after careful consideration of the Report and Recommendation of the United States Magistrate Judge, and for the reasons set out in that Report and Recommendation which are incorporated by reference herein, it is hereby ORDERED that the plaintiff's objections are OVERRULED, that this Report and Recommendation is ADOPTED and APPROVED, [Doc. 51], that defendants' Motion for

4

Case 2:15-cv-00134-JRG-MCLC   Document 54   Filed 03/13/17   Page 4 of 5   PageID #: 1785

Summary Judgment, [Doc. 30], be GRANTED, that the plaintiffs' Motion for Summary Judgment, [Doc. 33], be DENIED, and that the case be DISMISSED.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE